**In the Matter of Elizabeth E. REDDING.**

**No. 49S00–9603–DI–196.**

Supreme Court of Indiana.

Sept. 25, 1997.

### ORDER IMPOSING RECIPROCAL DISCIPLINE

The Indiana Supreme Court Disciplinary Commission filed, pursuant to Indiana Admission and Discipline Rule 23, Section 28(b), a *Verified Notice of Foreign Discipline and Petition for Issuance of an Order to Show Cause,* stating that the respondent was disciplined by the Supreme Court of Illinois and requesting the imposition of identical discipline in this state. Pursuant to the foregoing rule, this Court issued an order to show cause why identical discipline should not be imposed. The respondent failed to respond.

This Court, being duly advised, now finds that the respondent, Elizabeth E. Redding, is a member of the Indiana Bar, having been admitted on June 14, 1993. On May 12, 1994, she filed an exemption affidavit and has been on inactive status since that time. In 1996, pursuant to a *Statement of Circumstances and Conditional Agreement for Discipline,* this court suspended the respondent for a period of 90 days due to two counts of misconduct. We find further that on January 30, 1997, the Supreme Court of Illinois issued a final order of discipline granting the respondent's motion to strike her name from the Master Roll of Attorneys in Illinois pursuant to *Ill. Supreme Court Rule 762(a).*[1]

---

1. *Ill. Supreme Court Rule 762(a)* provides that while any charge of misconduct is under investigation or pending against any attorney before the Inquiry Board, Hearing Board or Review Board, the attorney may file with the court a motion to strike the attorney's name from the roll of attor-

Filed contemporaneously with her motion were a *Statement of Charges* prepared by the Administrator for Attorney Registration and Disciplinary Commission and respondent's affidavit in support of her motion. The Illinois charges stem from the respondent's conviction in Illinois of five felony counts of theft, computer fraud, and forgery. On May 3, 1996, the respondent was sentenced by the Circuit Court of Cook County, State of Illinois, to 24 months of felony probation on each of the five charges, all sentences to run concurrently, with specific conditions for community service, counseling and restitution. Pursuant to *Ill. Supreme Court Rule 762(a)*, the granting of the respondent's motion conclusively established the charged misconduct.

Indiana Admission and Discipline Rule 23, Section 28(d) provides that a final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this state. The foregoing rule further provides that, upon the expiration of thirty days from the service of a show cause order, this court shall impose discipline identical to that ordered in the other jurisdiction unless the disciplinary commission or the lawyer demonstrate, or this court finds, that certain circumstances exist. Neither party has sought to demonstrate that identical discipline should not be imposed.

We, therefore, conclude that the action of the Supreme Court of Illinois accepting the respondent's motion and affidavit establishes conclusively the respondent's indefinite suspension from the practice of law in this state until such time as she can demonstrate that she has been readmitted to the practice of law in Illinois. Accordingly, we find that the respondent's name should be removed from the Roll of Attorneys in Indiana. Under the Indiana Admission and Discipline Rules, the respondent may petition for reinstatement to the Indiana Bar pursuant to the provisions of Admis.Disc.R. 23(4) at such time as she can demonstrate her readmission in Illinois.

IT IS, THEREFORE, ORDERED that this court now accepts the action of the Supreme Court of Illinois and that, accordingly, the respondent Elizabeth E. Redding's name shall be removed from the Indiana Roll of Attorneys. She shall be eligible to petition this court for readmission to the bar of this state provided that she can demonstrate readmission to the practice of law in Illinois and otherwise satisfy the requirements of Admis.Disc.R. 23(4).

The Clerk of this Court is directed to forward notice of this Order to the respondent, to the Indiana Supreme Court Disciplinary Commission, and to all other entities as provided in Admis.Disc.R. 23(3)(d).

All Justices concur.

---

neys admitted to practice law in Illinois. *Ill. Supreme Court Rule 767(a)* provides that an attorney whose name has been stricken from the Master Roll of Attorneys pursuant to *Ill.Supreme*

*Court Rule 762(a)* (otherwise known as a disbarment on consent) is not eligible to petition for reinstatement for a period of three (3) years.